# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOE STEPHENS,<br><br>               Plaintiff,<br><br>      v.<br><br>ALASKA DIVISION OF ELECTIONS,<br>STATE OF ALASKA,<br><br>               Defendant. | Case No. 1:21-cv-00018-RRB |

## ORDER TO SHOW CAUSE

On November 11, 2021, Joe Stephens, a self-represented litigant (hereinafter "Plaintiff"), filed a Complaint for Declaratory and Injunctive Relief, along with a civil cover sheet, and an Application to Proceed without Prepayment of Fees and Affidavit.[1]

In his Complaint, Plaintiff alleges that on June 24, 2021, he legally changed his name to "Joe Trump AKA Not Murkowski Stephens."[2] Plaintiff alleges that on August 10, 2021, he filed a statement of candidacy with the Alaska Division of Elections declaring his intent to run for U.S. Senate.[3] Plaintiff further alleges that in his statement of candidacy he requested his name to appear as Joe T.

---

[1] Dockets 1–3.

[2] Docket 1 at 3.

[3] Docket 1 at 4.

Stephens, with "Trump AKA Not Murkowski" as a nickname on the ballot.[4] Plaintiff alleges that on September 7, 2021, he received a letter from the Alaska Division of Elections informing him that his middle names could not be used as a nickname and would not appear on the ballot.[5] Plaintiff alleges this violates his constitutional right to run for public office, because he is constitutionally eligible to run for U.S. Senate.[6]

For relief, Plaintiff requests unspecified injunctive relief[7] and declaratory relief "that use of a full legal name on a ballot is a protected right under the Constitution of the United States of America given no fraud or impersonation is attempted."[8]

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[9] In a federal court proceeding, a jurisdictional defect may be raised at any time.[10]

---

[4] Docket 1 at 4.

[5] Docket 1 at 4.

[6] Docket 1 at 4.

[7] Presumably, Plaintiff requests this Court enjoin the Alaska Division of Elections from proceeding in creating or printing ballots for the 2022 election.

[8] Docket 1 at 6–7.

[9] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[10] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

Jurisdiction is "[a] court's power to decide a case or issue a decree."[11] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[12] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[13] This means that the Court has the authority to hear only specified types of cases.[14] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[15]

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[16] Plaintiff's Complaint alleges that the Alaska Division of Elections declined his request to include his middle names as a nickname on the upcoming ballot. The Complaint references Article I, Section 3 of the U.S. Constitution, which establishes the eligibility for candidates for U.S. Senate. However, the Complaint does not

---

[11] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").

[12] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[14] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[15] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[16] 28 U.S.C. § 1331.

elaborate on how the eligibility requirements create a constitutional right to run for public office in and of itself. Additionally, Article I, Section 4 of the U.S. Constitution states: "The Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of [choosing] Senators." Title 15 of the Alaska Statutes governs Alaskan elections; the Alaska Division of Elections is tasked with administering elections; and the director of the Alaska Division of Elections may adopt regulations under Alaska's Administrative Procedure Act in order to administer elections.[17]

    The Complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court. Furthermore, the Complaint does not provide sufficient facts as to whether this is question of the U.S. Constitution, a federal statute, state law, or state regulation. Because the Complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court may not have federal question jurisdiction over this case. Therefore, this Court may not have subject matter jurisdiction over this matter, because this dispute may be one of state law.

---

[17] *See* Alaska Stat. Title 15; *see also* Alaska Stat. § 15.15.010.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has **30 days from the date of this Order** to submit the following:

    a. Additional briefing explaining the U.S. Constitutional provision or federal statute that provides this Court with federal question jurisdiction;

    b. A copy of the letter referenced in the Complaint from the Alaska Division of Elections; and

    c. A copy of any judicial order verifying his alleged legal name change.

2. Application to Proceed without Prepayment of Fees and Affidavit at Docket 3 is **GRANTED**.

DATED at Anchorage, Alaska this 13th day of January, 2022.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge