# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOE STEPHENS,<br><br>     Plaintiff,<br><br>  v.<br><br>ALASKA DIVISION OF ELECTIONS,<br>STATE OF ALASKA,<br><br>     Defendant. | Case No. 1:21-cv-00018-RRB |

## ORDER RE: POST-JUDGMENT MOTIONS

  Before the Court are Plaintiff's three post-judgment motions at Dockets 14, 16, and 19. On February 10, 2022, the Court dismissed the above-captioned case for lack of jurisdiction.[1] On February 11, 2022, Plaintiff filed a Motion for Summary Judgment.[2] On February 22, 2022, Plaintiff filed a Notice of Appeal and Motion to Alter Judgment.[3] On March 14, 2022, Plaintiff filed a Motion for a New Trial.[4]

  Jurisdiction is "[a] court's power to decide a case or issue a decree."[5] A court's subject matter jurisdiction is its "statutory or constitutional power to

---

[1] Dockets 12, 13.

[2] Docket 14.

[3] Dockets 15, 16.

[4] Docket 19.

[5] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").

adjudicate a case."[6] As a federal district court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[7] This means that the Court has the authority to hear only specified types of cases.[8] The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[9] Further, Federal Rule of Civil Procedure 12(h)(3) requires that if a federal district court "determines at any time that is lacks subject matter jurisdiction, the court must dismiss the action." Once a court has determined it lacks subject matter jurisdiction, it cannot not decide any further issues.[10]

A federal district court's jurisdiction is also impacted by the appeals process. A notice of appeal generally divests a federal district court of jurisdiction.[11] The

---

[6] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[7] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g., A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[8] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008) (citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006)); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[9] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[10] *See supra* note 5.

[11] *Kern Oil & Ref. Co. v. Tenneco Oil Co.,* 840 F.2d 730, 734 (9th Cir. 1988).

purpose of this is "is to avoid the potential confusion and waste of resources from having the same issue before two separate courts at the same time."[12]

**IT IS THEREFORE ORDERED:**

1. The Motion for Summary Judgment at Docket 14 is **DENIED AS MOOT**, because of the Court's Order of Dismissal at Docket 12 for lack of subject matter jurisdiction.

2. The Motion to Alter Judgment at Docket 16 is **DENIED** for lack of jurisdiction due to the Notice of Appeal filed at Docket 15.

3. The Motion for a New Trial at Docket 19 is **DENIED** for lack of jurisdiction due to the Notice of Appeal filed at Docket 19.

4. Plaintiff should direct all further filings to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED this 16th day of March, 2022, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[12] *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003).