IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOE STEPHENS,<br><br>                      Plaintiff,<br><br>      v.<br><br>ALASKA DIVISION OF ELECTIONS,<br>STATE OF ALASKA,<br><br>                      Defendant. | Case No. 1:21-cv-00018-RRB |

## ORDER RE: PENDING MOTIONS

Before the Court are Plaintiff's three motions at Dockets 25, 28, and 30.

**I.    Motion to Compel**

At Docket 25, Plaintiff requests the Court to compel Defendant to answer interrogatories. Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery.[1] "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under

---

[1] Fed. R. Civ. P. 37(a)(1).

Rule 34."[2] The party opposing the discovery bears the burden of resisting disclosure.[3] Granting or denying a motion to compel has significant consequences including: sanctions, the payment of expenses, and protective orders.[4] Additionally, a good faith effort to confer must be provided in any movant's motion to compel.[5]

The Motion to Compel at Docket 25 was entered prior to the Court's Order Directing Service and Response, before proper service was effectuated, and the recent Notice of Appearance of counsel for Defendant. Accordingly, Plaintiff's Motion to Compel lacks the good faith conferral requirement and are premature. The Motion to Compel at Docket 25 is **DENIED WITHOUT PREJUDICE AS PREMATURE**. b

## II. Motion to Return

At Docket 28, Plaintiff requests that the Court return his Birth Certificate, which he submitted with a premature Motion for Summary Judgment at Docket 14 on February 11, 2022. Local Civil Rule 79.1 states: "When a document has been filed electronically or is filed conventionally and scanned into the CM/ECF System

---

[2] Fed. R. Civ. P. 37(a)(3)(B).

[3] *Bryant v. Armstrong*, 285 F.R.D. 596, 600 (S.D. Cal. 2012); *London Wallace v. City of Fresno*, No. 119CV01199AWISAB, 2021 WL 916244, at *2 (E.D. Cal. Mar. 10, 2021).

[4] Fed. R. Civ. P. 37(a)(5).

[5] Fed. R. Civ. P. 37(a)(1).

by the Clerk of Court, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed." Additionally, Sections 19.A. and 19.C of the United States District Court for the District of Alaska's Electronic Filing Administrative Policies and Procedures Manual address the submission of documents to the Court and their retention as follows:

> 19.A.  By Non-Attorneys.  Non-attorney filers may not file documents electronically, but must file all documents conventionally (on paper).  The filer must retain a copy of any conventionally filed paper document.  Once the document is uploaded into the CM/ECF System it will be discarded in accordance with otherwise applicable rules and regulations.
>
> 19.C.  Retention of Uploaded Conventionally Filed Documents.  The responsibility of converting documents to electronic (.pdf) format rests with the registered attorney filing the document.  Once a document is scanned into the CM/ECF System, the electronic version becomes the official record of the Court and permits the Clerk of Court to retain, return or discard the original.  If a party believes that retention of the original is warranted, a copy of the document should be filed with the Court and the party should retain the original.  A party may also request at the time of filing, through a separate document, that the original be returned, rather than discarded, should the Clerk's Office determine it is no longer needed by the Court.

When the Clerk of Court scanned Docket 14-2 into the CM/ECF System, the electronic recording of the document became the official record.  At the time of filing Docket 14, Plaintiff did not file a motion requesting the original be returned to him.  As a courtesy, the Clerk of Court maintains the paper filings of self-

represented litigants for approximately ninety days, before making a determination to discard.  Because there was no motion to return his documents and more than ninety days passed before the instant motion, the Clerk of Court discarded the conventionally filed paper copy of Docket 14-2 in accordance with Section 19.A and C.  Accordingly, Plaintiff's documents were disposed of prior to the filing of the motion at Docket 28 on July 5, 2022.  Therefore, the Motion to Return at Docket 28 must be **DENIED AS MOOT**, because the Court does not have possession of, and cannot return, Plaintiff's Birth Certificate.

### III. Motion for Electronically Filing

Upon consideration of Plaintiff's Motion for Electronic Filing at Docket 30, the Court hereby **GRANTS** the motion; Plaintiff may submit documents electronically and receive Notices of Electronic Filings as detailed below.

The Clerk is directed to add Plaintiff's e-mail address, joe.stephens.mail@gmail.com, to Plaintiff's address on the docket.  The Court's electronic case filing system will then notify Plaintiff of each filing made on the record.

**Plaintiff filings:**  Plaintiff is directed to e-mail court filings only in .pdf format, not to exceed 10MB each, to the following e-mail address: newcvcases@akd.uscourts.gov.  The subject matter of the e-mail should read "1:21-cv-00018-RRB; Stephens v. Alaska Division of Elections."  Documents are to be electronically signed by plaintiff.  Plaintiff's documents presented for filing

shall contain a certificate of service indicating service on Defendant via the Court's Electronic Filing System. Upon receipt of the e-mailed document from the plaintiff, the Clerk's Office will enter the document in the court record. Plaintiff will receive a copy of the posted document via e-mail from the Court's Electronic Filing System.

**Defendant filings**: Defendants shall electronically file their documents in accordance to the traditional use of the Court's Electronic Filing System. Documents shall contain a certificate of service reflecting electronic service on plaintiff via the Court's Electronic Filing System.

**Court filings:** All Court filings will be electronically filed and served on all parties via the Court's Electronic Filing System.

**IT IS THEREFORE ORDERED:**

1. The Motion to Compel at Docket 25 is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

2. The Motion to Return at Docket 28 must be **DENIED AS MOOT**, because the Court does not have possession of, and cannot return, Plaintiff's Birth Certificate.

3. The Motion for Electronic Filing at Docket 30 is **GRANTED** in accordance with the instructions given above.

DATED at Anchorage, Alaska, this 3rd day of August, 2022.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge