IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOE STEPHENS,<br><br>      Plaintiff,<br><br>   v.<br><br>ALASKA DIVISION OF ELECTIONS,<br>STATE OF ALASKA,<br><br>      Defendant. | Case No. 1:21-cv-00018-RRB<br><br>**ORDER GRANTING IN PART<br>MOTIONS TO ALTER<br>JUDGMENT**<br>**(Dockets 47 & 48)** |

    This Court entered Judgment dismissing this matter pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiff timely filed two Motions to Alter Judgment.[2] In order for a federal district court to alter or amend a final judgment, a Court must evaluate Plaintiff's motion under Federal Rule of Civil Procedure Rule 59(e), which grants a district court an opportunity to '"to rectify its own mistakes in the period immediately following' its decision."[3] Rule 59(e) does not prescribe "specific grounds for a motion to amend or

---

[1] Docket 40.
[2] Dockets 47 & 48.
[3] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)).

alter[;]" thus, "the district court enjoys considerable discretion in granting or denying the motion."[4]

A detailed history of this matter is summarized at Dockets 33 and 39. Briefly, Plaintiff sought to force the Alaska Division of Elections to include his "middle name" on the ballot on which he was a candidate for United States Senate, arguing violations of the First Amendment and equal protection.[5] Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[6] The Court ultimately dismissed the matter pursuant to Rule 12(b)(1).[7] Plaintiff now complains in his Motions to Alter Judgment that legitimate federal questions were presented to establish federal question jurisdiction, and that this Court erred in dismissing this matter pursuant to Rule 12(b)(1).[8]

As a federal court, this Court has limited subject matter jurisdiction. Absent diversity of citizenship, federal question jurisdiction is required. Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[9] "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint,"[10] but the mere recitation of federal law does not establish federal question jurisdiction. A

---

[4] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253 n.1 (9th Cir. 1999) (en banc) (per curium) (internal quotation marks omitted)).
[5] Plaintiff claims that his legal name is "Joe 'Trump AKA Not Murkowski' Stephens."
[6] Docket 33.
[7] Docket 39.
[8] Dockets 47 & 48.
[9] 28 U.S.C. § 1331.
[10] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).

*Stephens v. Alaska Division of Elections, State of Alaska*     Case No. 1:21-cv-00018-RRB
Order Regarding Motions to Alter Judgment     Page 2
Case 1:21-cv-00018-RRB    Document 51    Filed 12/13/22    Page 2 of 5

plaintiff properly invokes federal question jurisdiction by pleading "a colorable claim 'arising' under the Constitution or laws of the United States."[11] "A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"[12]

Determining whether a constitutional claim is colorable may, as it did here, involve a review of the merits.[13] This Court's prior Order concluded that neither the First Amendment nor the Equal Protection Clause conferred federal question jurisdiction, implicitly concluding that Plaintiff failed to make a colorable federal claim.[14] "A determination that it lacks merit does not necessarily mean, however, that it is so insubstantial and immaterial that it does not pass the 'colorable' test."[15] A claim may be "colorable, but ultimately incorrect."[16] Accordingly, a Complaint may survive a 12(b)(1) motion, but fail to state a claim pursuant to Rule 12(b)(6), which tests the legal sufficiency of a complaint.[17] The Court concludes that even if it erred in finding a lack of subject matter jurisdiction, a conclusion upon which reasonable minds may differ, this matter should also be dismissed pursuant to Federal Civil Rule 12(b)(6).

---

[11] *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).
[12] *Id.* at n.10.
[13] *Boettcher v. Sec'y of Health & Hum. Servs.*, 759 F.2d 719, 722 (9th Cir. 1985).
[14] *Arbaugh,* 546 U.S. 500 at n.10. Of note, Plaintiff's Complaint did not cite to the First Amendment or claim an equal protection violation. Those were raised in response to this Court's order to show cause.
[15] *Boettcher v. Sec'y of Health & Hum. Servs.*, 759 F.2d 719, 722 (9th Cir. 1985).
[16] *Id.*
[17] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

*Stephens v. Alaska Division of Elections, State of Alaska*　　　　　　　　　　Case No. 1:21-cv-00018-RRB
Order Regarding Motions to Alter Judgment　　　　　　　　　　　　　　　　　　　　　Page 3
Case 1:21-cv-00018-RRB   Document 51   Filed 12/13/22   Page 3 of 5

When considering a 12(b)(6) motion to dismiss, courts generally must accept the plaintiff's allegations as true and construe them in the light most favorable to plaintiff.[18] However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19] Moreover, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.[20] Plaintiff argued that Defendants violated his rights under the First Amendment and the Equal Protection Clause. This Court found that because there is no First Amendment right to campaign *via* ballot, the Division of Elections was not obligated to include Plaintiff's "middle name" on the ballot.[21] This Court further found that Plaintiff would not succeed on an equal protection claim, because the Division of Elections had at least one rational basis for its decision to omit his middle name from the ballot.[22] For these reasons, further discussed at Docket 39 and incorporated herein by reference, if this Court exercised subject matter jurisdiction Plaintiff's claims still would not survive a 12(b)(6) motion to dismiss.

## CONCLUSION

The Motions to Alter Judgment at Docket nos. 47 and 48 are **GRANTED IN PART**. The Judgment in this matter will be altered to reflect that "Defendant's Motion to

---

[18] *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[20] *Ashcroft*, 556 U.S. at 678.
[21] Docket 39 at 7. Plaintiff specifically stated that his middle name was intended to show his support for former President Trump, and his lack of support for Senator Lisa Murkowski. Docket 1 at 5.
[22] Finding that the relevant state statute left room for discretion by the Division of Elections in preparing the ballots "to facilitate fairness, simplicity, and clarity . . . and to expedite the administration of elections," this Court found a rational basis for the Division's omission of Plaintiff's "middle name" from the ballot. Docket 39.

*Stephens v. Alaska Division of Elections, State of Alaska*  Case No. 1:21-cv-00018-RRB
Order Regarding Motions to Alter Judgment  Page 4

Case 1:21-cv-00018-RRB   Document 51   Filed 12/13/22   Page 4 of 5

Dismiss is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, Federal Rule of Civil Procedure12(b)(6). This matter is DISMISSED."

Finally, the Court advises Plaintiff to review Federal Rule of Appellate Procedure 4(a)(4). Plaintiff filed a Notice of Appeal at Docket 41, after the Judgment at Docket 40. Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), Plaintiff's Notice of Appeal at Docket 41 becomes effective upon the entry of this Order. However, if Plaintiff intends to "challenge an order disposing of [a Rule 59(e) motion], or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)[.]"

IT IS SO ORDERED this 13th day of December, 2022, at Anchorage, Alaska.

                                       */s/ Ralph R. Beistline*
                                       RALPH R. BEISTLINE
                                   Senior United States District Judge

*Stephens v. Alaska Division of Elections, State of Alaska*      Case No. 1:21-cv-00018-RRB
Order Regarding Motions to Alter Judgment      Page 5
Case 1:21-cv-00018-RRB   Document 51   Filed 12/13/22   Page 5 of 5